**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Tyrelle M. Henderson Jr., | ) | |
| *Plaintiff*, | ) | No. 26 C 6802 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| Zam's Hope Community Center et al., | ) | |
| *Defendants*. | ) | |

**OPINION AND ORDER**

*Pro se* Plaintiff Tyrelle M. Henderson Jr. filed an Emergency Motion For Temporary Restraining Order, Preliminary Injunction, Evidence Preservation Order, and Status Update Regarding Family Hardship (Dkt. 12), two Motions For Leave To File Supplemental Declarations And Exhibits Under Seal (Dkts. 15, 18), a second *ex parte* Emergency Motion For Temporary Restraining Order, Preliminary Injunction, Expedited Service Of Process, Anti-Retaliation Order, and Preservation of Evidence, (Dkt. 20), and a motion to proceed *in forma pauperis*. (Dkt. 4). Henderson has not served Defendants. (*See* Docket). Nor has Henderson notified Defendants about his emergency motions. Henderson states that "[t]o the extent notice is required, Plaintiff requests that the Court direct immediate expedited notice to Defendants or allow Plaintiff to provide notice by email, personal service, electronic service, or any method the Court deems appropriate given the emergency circumstances." (Dkt. 12 at 7). The Court therefore treats all of Henderson's motions as *ex parte* and denies all of them in full for the reasons below. (Dkts. 4, 12, 15, 18, 20).

Henderson filed a multi-count Complaint against Defendants under 42 U.S.C. § 1983, *Monell*, and Illinois State law for battery, negligence, and intentional infliction of emotional distress. (Dkt. 11). In his motion, Henderson asserts that he was forcibly removed from Defendant Zams Hope Community Resource Center ("Zams Hope") while subject to court-ordered electronic monitoring. (Dkt. 12 at 1). He claims that "Defendant Cornell Washington violently forced entry into [Henderson's] locked residential room at Zams Hope and physically assaulted [Henderson], forcing [him] to escape immediate bodily harm by jumping from a top-floor window." (*Id.*) "After the violent incident," Henderson claims that Defendant "Don Beachem refused to remove, terminate, or separate the violent aggressor and instead locked [Henderson] out of the facility while falsely claiming that" he "left voluntarily." (*Id.* at 2). Because Henderson is on "strict" electronic monitoring, the "lockout" caused Henderson to become homeless and he claims he now risks "location violation, arrest, detention, or wrongful reincarceration[.]" (*Id.*) Because of all this, Henderson claims that "[e]mergency relief is necessary to preserve [his] liberty, protect [his] safety, stabilize [his] housing, prevent retaliation, preserve evidence, and stop Defendants from continuing the consequences of the lockout." (*Id.*); (*see also id.* at 1-5).

"A preliminary injunction is an 'extraordinary' equitable remedy that is 'never awarded as of right.'" *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345 (2024) (quoting *Winter v. Natural Res.*

*Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). "The default rule is that a plaintiff seeking a preliminary injunction must make a clear showing that 'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Id.* at 346 (quoting *Winter*, 555 U.S. at 20, 22). "Of all of these factors, the likelihood of success on the merits ordinarily carries the most weight." *Minocqua Brewing Co. LLC v. Hess*, 160 F.4th 849, 855 (7th Cir. 2025) (quoting *A.C. by M.C. v. Metro. Sch. Dist. of Martinsville*, 75 F.4th 760, 771 (7th Cir. 2023)). The "circumstances in which an *ex parte* order should be granted are extremely limited." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984). A TRO is already an "extraordinary and drastic remedy," its severity is amplified when a party seeks one without notice. *Goodman v. Ill. Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). Federal Rule of Civil Procedure 65(b) requires specific facts justifying a departure from adversarial proceedings and public access to the courts. *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *Mansukhani*, 742 F.2d at 321. A court may issue a TRO without notice only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Henderson does not attempt to show any reason why *ex parte* relief is warranted. (Dkt. 12). The Court sees none. Indeed, Henderson's request "to provide notice by email, personal service, electronic service, or any [other] method" extinguishes any notion that *ex parte* relief is proper here. (*Id.* at 7). On this basis alone, the Court denies Henderson's motion. (*Id.*) As Henderson is *pro se* the Court will nevertheless address the merits of his motion.

Henderson provides no evidence to support any of his positions. (*Id.* at 1-8). He cites no case law. (*Id.*) While he claims that he "has a likelihood of success on the merits, or at minimum serious questions going to the merits," he does not support this assertion. (*Id.* at 5). He also fails to explain what "serious questions" he is referring to. Henderson also fails to identify the claim (or claims) on which he believes he is likely to succeed. (*Id.*) He instead states that he is likely to succeed "because Defendants allegedly failed to protect [him] from a violent resident, retaliated against [him], locked [him] out after the incident, interfered with his housing stability, and placed his liberty at risk while knowing he was subject to Electronic Monitoring." (*Id.*) Based on this, the Court presumes Henderson's likelihood of success on the merits argument is referring to Count II (42 U.S.C. § 1983 — Failure to Protect). (*See* Dkt. 11 at 25-26).

"First enacted as part of the Civil Rights Act of 1871, § 1983 allows private parties to sue state actors who violate their rights under the Constitution and laws of the United States." *Medina v. Planned Parenthood S. Atl.*, 606 U.S. 357, 365 (2025) (quotes omitted). To "state a claim under 42 U.S.C. section 1983, plaintiffs must show (1) action taken under color of state law, bringing about (2) a deprivation of a right protected by the Constitution." *Brown v. City of Lake Geneva*, 919 F.2d 1299, 1301 (7th Cir. 1990); *Orr v. Shicker*, 147 F.4th 734, 739 (7th Cir. 2025). A Plaintiff "may not bring a § 1983 claim against a private citizen who is not acting under the color of state law." *Patel v. Heidelberger*, 6 F. App'x 436, 437 (7th Cir. 2001); *Hershinow v. Bonamarte*, 772 F.2d 394, 397 (7th Cir. 1985). A "State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989).

To the extent the Court understands Henderson's argument, he contends that Defendants City of Harvey and County of Cook are liable under 42 U.S.C. § 1983 for failing to protect Henderson while at Zams Hope. (*Compare* Dkt. 12 at 5 *with* Dkt. 11 at 26). Henderson does not connect any conduct by the City of Harvey or the County of Cook to his alleged harms. (*Id.*) He also fails to present facts or arguments showing how they are liable under *Monell*. (*Id.*) Rather, Henderson asserts that he was attacked by Washington (a private citizen) while at Zams Hope (a private entity). (*Id.*) He takes issue with Washington's conduct (allegedly breaking into the room Henderson was in, attacking him, and forcing Henderson to jump out the window); and he also takes issue with Zams Hope's response (locking Henderson out of the facility). (*Id.*); *supra* at 2. Henderson has presented no evidence of anything but private conduct between private parties not acting under color of state law. His § 1983 claims fail. *Hershinow*, 772 F.2d at 397; *DeShaney*, 489 U.S. at 197.

"While the courts liberally construe *pro se* pleadings as a matter of course . . . judges are not . . . required to construct a party's legal arguments for him." *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993). With no action under color of state law, the direction of Henderson's argument is unclear. Henderson does not explain which "Defendants allegedly failed to protect [him] from a violent resident[.]" (Dkt. 12 at 5). It is presumably not Washington since he *was* the "violent resident." (*Id.*) Henderson's motion does not mention the City of Harvey—and ties nothing to Cook County. He has no evidence, case law, or support, for his vague argument that some combination of Defendants owed him a duty of protection against Washington. (*Id.*) To the extent Henderson claims that Zams Hope or its employees (or some of the other Defendants) owed him a duty, that is fruitless as "the Fourteenth Amendment does not require the government to prevent private citizens from harming each other." *Stevens*, 131 F.3d at 701.[1] To the extent he believes the Court should treat Zams Hope as a government entity acting under color of state law, he has failed to offer any support showing that this is the case.[2] For all these reasons, the Court denies Henderson's *ex parte* emergency motion in full. (Dkt. 12).

Henderson additionally filed two Motions or Leave to File Supplemental Declarations And Exhibits Under Seal (Dkts. 15, 18) and another *ex parte* Emergency Motion For Temporary Restraining Order, Preliminary Injunction, Expedited Service Of Process, Anti-Retaliation Order, And Preservation Of Evidence. (Dkt. 20).[3] The Court denies these three motions for the reasons stated above. *Supra* at 1-2.

---

[1] Given the lack of support, it is unclear what Henderson's Constitutional basis is. The Court presumes Henderson intended to assert a Fourteenth Amendment failure-to-protect claim based on his electronic monitoring and stay at a halfway house; but this is far from clear since he is a free citizen, not a pretrial detainee. Henderson similarly fails to show any exception (e.g., special relationship or state-created danger) to the general rule that the government has no Constitutional duty to protect non-incarcerated citizens from harm by private individuals like Washington.

[2] Zams Hope appears to be a private, non-governmental 501(c)(3) organization; Henderson nevertheless alleges in his Complaint that "Zams Hope was performing a delegated correctional, custodial, supervisory, housing, feeding, and support function for individuals under government custody, supervision, or court-ordered restrictions." (Dkt. 11, ¶ 26). But Henderson does not raise nor support this allegation in his motion. (*See* Dkt. 12).

[3] The Court admonishes Henderson that any filing must be strictly limited to 15 pages double-spaced. *See* Local Rule 7.1. His second emergency motion is 11 pages single-spaced which equates to approximately 20 pages double-spaced. (Dkt. 20). The Court will not consider any filing exceeding 15 pages double-spaced without leave of Court. *See Obi v. Cook Cnty., Illinois*, 2026 WL 1001481, at *1 (N.D. Ill. Apr. 9, 2026) ("The Court strikes Plaintiff's motion for violating Local Rule 7.1" because it exceeded 15 pages double-spaced).

Finally, Henderson seeks leave to proceed *in forma pauperis*. (Dkt. 4). Henderson's motion is deficient. Henderson failed to provide an affidavit stating he is unable to pay. Indeed, 28 U.S.C. § 1915(a) "allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, *inter alia,* that he is unable to pay the costs of the lawsuit." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); 28 U.S.C. § 1915(a)(1) (requiring "an affidavit that includes a statement of all assets such [applicant] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."). Henderson's motion is denied without prejudice. *Id.* Should Henderson seek to refile, Henderson shall have two weeks from the date of this Order to file a corrected application with an affidavit. *See Dennis v. Experian Information Solutions, Inc.*, No. 26 C 4040, Dkts. 7, 10 (N.D.Ill. Apr. 15, 2026).

**CONCLUSION**

For all these reasons, the Court denies all of Henderson's pending motions. (Dkts. 4, 12, 15, 18, 20). Henderson is Ordered to effectuate proper service on all Defendants and file his executed summons with proof of service or signed waivers of service no later than September 7, 2026. The Court will dismiss Henderson's complaint without prejudice if he fails to comply. Fed. R. Civ. 4(m).

Virginia M. Kendall
United States District Judge

Date: August 12, 2026