**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Tyrelle M. Henderson Jr., | ) | |
| *Plaintiff*, | ) | No. 26 C 6802 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| Zam's Hope Community Center et al., | ) | |
| *Defendants*. | ) | |

**OPINION & ORDER**

Plaintiff Tyrelle M. Henderson Jr. has filed seven new motions. The first is an Emergency Motion To Preserve Sparc Surveillance Footage or For Expedited Rule 45 Discovery. (Dkt. 38). The second is a Motion For Leave To Serve a Third-Party Evidence Preservation Letter and For Expedited Preservation Relief. (Dkt. 41). The third is an Emergency Motion To Direct United States Marshals Service, Extend Service Deadline, and Avoid Dismissal. (Dkt. 39). The fourth is a Public Redacted Motion To Seal or Restrict Nonparty Witness A's Signed Declaration. (Dkt. 42). The fifth is a Restricted Unredacted Motion To Seal Or Restrict Brady R. Watts's Signed Declaration. (Dkt. 46). The sixth is a Motion For Leave To File a Second Amended and Supplemental Complaint. (Dkt. 50). And the seventh is a Public Redacted Motion To Protect Witnesses A and B. (Dkt. 55).

Henderson has served no Defendant. Henderson's motions are therefore all ex parte. Henderson knows this because the Court has already ruled as such. *Henderson v. Zam's Hope Cmty. Ctr.*, 2026 WL 2333771, at *1 (N.D. Ill. Aug. 12, 2026) ("Henderson has not served Defendants. . . . The Court therefore treats all of Henderson's motions as *ex parte*"). "The 'circumstances in which an *ex parte* order should be granted are extremely limited.'" *Id.* (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984)).

The Court denies Henderson's first motion to preserve surveillance footage. (Dkt. 38). For starters, Henderson has not shown what the "emergency" is nor why emergency relief is proper. (*Id.*) He instead speculates that "[t]he system may routinely overwrite footage." (*Id.*, ¶ 4). "A motion to preserve evidence is an injunctive remedy and should issue only upon an adequate showing that equitable relief is warranted." *See McDaniel v. Loyola Univ. Med. Ctr.*, 2014 WL 1775685, at *2 (N.D. Ill. May 5, 2014) (Dow, J.) (quoting *In re African-American Slave Descendants' Litig.*, 2003 WL 24085346, at *2 (N.D.Ill. July 15, 2003)). "In deciding whether to enter a preservation order, courts in this district have considered (1) whether Plaintiff can demonstrate that Defendants will destroy necessary documentation without a preservation order, (2) whether Plaintiff will suffer irreparable harm without a preservation order, and (3) the burden that likely will result from granting a preservation order." *See id.*; *Est. of Loury by Hudson v. City of Chicago*, 2017 WL 11562006, at *1 (N.D. Ill. Mar. 14, 2017) (St. Eve, J.). Henderson fails to address any of this and comes nowhere close to meeting these standards on an *ex parte* basis. *Id.*;

*Mansukhani*, 742 F.2d at 321. The Court denies Henderson's motion. (Dkt. 38). For these reasons too, the Court denies Henderson's motion for leave to serve a "third-party evidence-preservation letter" and for "expedited preservation relief." (Dkt. 41).

Henderson's request for expedited discovery under Federal Rule of Civil Procedure 45 likewise fails. (Dkt. 38). The first problem with this motion is that Rule 45 does not address expedited discovery. *See* Fed. R. Civ. P. 45. "Under Rule 26(d)(1) of the Federal Rules of Civil Procedure, 'a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation or by court order.'" *See In re Clearview AI, Inc., Consumer Priv. Litig.*, 2021 WL 5862494, at *2 (N.D. Ill. May 6, 2021) (quoting Federal Rule of Civil Procedure Rule 26(d)(1)); *Campaignzero, Inc. v. Staywoke Inc.*, 2020 WL 7123066, at *1 (N.D. Ill. Dec. 4, 2020). The second problem is that "[e]xpedited discovery is unusual, and the party seeking expedited discovery has the burden of establishing good cause for such a need." *See id.*; *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000) ("Expedited discovery is not the norm"). "The Court reviews a motion for expedited discovery by considering the entirety of the record and the reasonableness of the request in light of the surrounding circumstances." *See id.*; *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill 2011). "In deciding a motion for expedited discovery, courts consider: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery sought; (3) the purpose of requesting expedited discovery; (4) the burden on the opposing party to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *See id.*; *Campaignzero*, 2020 WL 7123066, at *1. Henderson addresses none of this and has wholly failed to show good cause warranting expedited discovery on an *ex parte* basis. *Id.*; *Mansukhani*, 742 F.2d at 321.

Henderson's third motion is for service via the Marshals Service. (Dkt. 39). "The Court granted Plaintiff's application to proceed in forma pauperis on August 27, 2026. (Dkt. 28)." (Dkt. 58). Plaintiff has satisfied Federal Rule of Civil Procedure 4(c)(3), 28 U.S.C. § 1915(d), and Local Rule 3.3(g). The Court therefore grants Plaintiff's Motion. (Dkt. 39). Henderson is reminded that he must complete and submit a separate Form USM 285 form for each named defendant, giving the address where the U.S. Marshal can attempt to serve each defendant; Henderson must also complete and submit a summons (Form AO 440).[1]

Henderson's fourth and fifth motions are to seal or treat as Highly Sensitive Material the declarations of Brady R. Watts and an undisclosed nonparty witness. (Dkt. 42, 46); L. R. 5.8.1. These are frivolous. First off, there is no reason for Henderson to be filing declarations at this stage of the case, much less under seal. Henderson's request to treat these declarations as Highly Sensitive Material is ludicrous. Information that qualifies under Local Rule 5.8.1 is of a magnitude of "national security" where disclosure "could result in adverse consequences on a national or international scale." L.R. 5.8.1(a)(i)(b). Whomever Mr. Watts is, the Court finds it implausible that disclosure of his name could upend international social order. *Id*. The Court denies these motions. (Dkt. 42, 46).

[1] If Henderson requires assistance compiling and submitting the forms, the Court instructs Henderson to contact the clerk's office.

His sixth motion is for leave to "File A Second Amended And Supplemental Complaint." (Dkt. 50). Henderson filed his Civil Cover Sheet as a "Complaint" on June 9, 2026, (Dkt. 1), he filed a "Corrected Amended Complaint" about one month later (Dkt. 11), he then filed another "Corrected Amended Complaint" (without leave) on August 27, 2026 (Dkt. 32), and he now seeks leave to file what he considers a "Second Amended Complaint" as well as a "Supplemental Complaint." (Dkt. 50). But he only submitted one Complaint. At any rate, based on Henderson's proposed additions post-dating his original Complaint (*see id.*, ¶ 4), the Court considers Henderson's filing a Supplemental Complaint. Fed. R. Civ. P. 15(d). Having provided "just terms," the Court grants Henderson's motion. (Dkt. 50).

Henderson's seventh motion is to "Protect Witnesses A and B." (Dkt. 55). Henderson claims that these witnesses "fear possible retaliation" if their names and information are disclosed. (*Id.*, ¶ 2). Henderson identifies no authority to support his motion nor facts to support his speculation. Henderson's motion is denied. (Dkt. 55). *See* Fed. R. Civ. P. 26(c).

Other than Henderson's motions to supplement his complaint and to effectuate service via the Marshals Service (Dkts. 50, 39), the rest are wholly frivolous and violate Federal Rule of Civil Procedure 11. "*Pro se* status does not shelter plaintiffs from sanctions pursuant to Rule 11." *Obi v. Cook Cnty., Illinois*, 2026 WL 1001481, at *2 (N.D. Ill. Apr. 9, 2026) (quoting *Allen v. Casper*, 2026 WL 674309, at *9 (N.D. Ill. Mar. 10, 2026)); *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990). "When a self-represented party files a document in federal court, that party is certifying to the court that the legal contentions contained in it 'are warranted by existing law.'" *Id.* (quoting Fed. R. Civ. P. 11(b)(2)). "'Carelessness, good faith, or ignorance are not an excuse for submitting materials that do not comply with Rule 11.'" *Id.* (quoting *Allen*, 2026 WL 674309, at *9). The Court admonishes Henderson. He filed this case in June, has yet to serve any Defendant, but has instead loaded up the docket with incredulous, irrelevant, and frivolous filings—indeed there are now nearly sixty docket entries. He has gone on a "filing spree." *Khanna v. Banks*, 2026 WL 2836748, at *17 (N.D. Ill. Sept. 22, 2026). Henderson has violated Rule 11. Fed. R. Civ. P. 11.

The Court hereby orders Henderson to stop filing anything absent express leave of Court. The Court will sanction Henderson and dismiss his Complaint with prejudice should he fail to comply. *Khanna*, 2026 WL 2836748, at *20 (ordering *pro se* plaintiff to show cause why he should "not be sanctioned up to $75,000" for violating Rule 11 by filing frivolous motions); *Obi*, 2026 WL 1001481, at *2 ("The Court sanctions Plaintiff $5,000 for filing false cases, quotes, and statements of law and fact to the Court in violation of Rule 11"); *Allen*, 2026 WL 674309, at *10 (sanctioning *pro se* plaintiff "$1,500 for filing false cases and arguments to the Court in violation of Rule 11"); *Das v. Tata Consultancy Servs., Ltd., et. al.*, 2026 WL 2935334, at *9 (N.D. Ill. Sept. 30, 2026) (sanctioning party $39,622 for filing a frivolous motion); *see also Jones v. Cmty. Home Physicians, LLC*, 2026 WL 1078277, at *2 n.2 (N.D. Ill. Apr. 20, 2026); *Mogan v. Am. Arb. Ass'n, Inc.*, 2026 WL 205593, at *7 (N.D. Ill. Jan. 27, 2026), *rec. denied*, 2026 WL 1078506 (N.D. Ill. Apr. 20, 2026); *Pogofsky v. Dart, et. al.*, 2026 WL 2517234, at *2 (N.D. Ill. Aug. 26, 2026).

Virginia M. Kendall
United States District Judge

Date: October 22, 2026